IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GILEAD SCIENCES, INC., GILEAD SCIENCES IRELAND UC, JANSSEN PRODUCTS, L.P., and JANSSEN SCIENCES IRELAND UNLIMITED COMPANY, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 21-1621 (MN) |
| LUPIN LIMITED, LUPIN PHARMACEUTICALS, INC., MSN LABORATORATORIES PRIVATE LTD., MSN LIFE SCIENCES PRIVATE LTD., and MSN PHARMACEUTICALS INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] SCHEDULING ORDER

This __ day of _____, 2022, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **March 22, 2022**. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at

http://www.ded.uscourts.gov (see Other Resources, Default Standard for Discovery) and is incorporated herein by reference.

(a)	Per paragraph 3 of the Default Standard for Discovery, the parties shall serve Initial Disclosures by **April 15, 2022**.

(b)	Per paragraph 4(a) of the Default Standard for Discovery, Plaintiffs shall identify the accused products and asserted patents and produce file histories by **April 15, 2022**.

(c)	Per paragraph 4(b) of the Default Standard for Discovery, Defendants shall produce ANDA No. 216511 and DMF No. 030650 regarding cobicistat on silicon dioxide by **April 8, 2022**.

(d)	Per paragraph 4(c) of the Default Standard for Discovery, Plaintiffs shall serve their Initial Infringement Claim Charts by **May 9, 2022**.

(e)	Per paragraph 4(d) of the Default Standard for Discovery, Defendants shall serve their Initial Invalidity Contentions and Accompanying Document Production by **June 8, 2022**.

2.	<u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **December 1, 2022**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(g) and 8.

3.	<u>Application to Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court by **April 5, 2022**. Should counsel be

unable to reach an agreement on a proposed form of order, counsel must follow the provisions of

Paragraph 7(g) below.

> Any proposed protective order must include the following paragraph:
>
> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers Filed Under Seal. In accordance with section G of the Revised

Administrative Procedures Governing Filing and Service by Electronic Means, a redacted

version of any sealed document shall be filed electronically within seven (7) days of the filing of

the sealed document.

5.      Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of

all briefs and any other document filed in support of any briefs and any other document filed in

support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also

applies to papers filed under seal. All courtesy copies shall be double-sided.

6.      ADR Process. This matter is referred to a magistrate judge to explore the

possibility of alternative dispute resolution.

7.      Discovery. Unless otherwise ordered by the Court or agreed to by parties, the

limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)    Fact Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **January 15, 2023**.

(b)    Document Production. Document production shall be substantially complete by **October 10, 2022**.

(c)    Requests for Admission. A maximum of **25** requests for admission are permitted for each side.

(d)    Interrogatories.

i.    A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side. All limits on interrogatories shall include subparts according to Fed. R. Civ. P. 33.

ii.    The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e)    Depositions.

i.    Limitation on Hours for Deposition Discovery. Each side is limited to a total of **150** hours of taking testimony by deposition upon oral examination from fact witnesses. All depositions shall be limited in accordance with Fed. R. Civ. P. 30 to 1 day of 7 hours per witness (10 hours if the deposition is in a foreign language and translated into English). No deposition shall count for less than 3 hours. The deposition of a single person on one day in both the person's personal capacity and as a corporate designee will be counted as a maximum of seven (7) hours (10 hours if the deposition is in a foreign language and translated into English).

ii.     Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.  The parties agree that they will make their respective current employees and those of their affiliates (including employees located outside the United States), available for deposition abroad or in the United States upon notice of any particular employee, without the need for subpoena or other formal process, subject to appropriate and applicable objections. The parties also agree that there is no need for subpoena or other formal process for former employees who voluntarily agree to appear for deposition abroad or in the United States and counsel for a party will be representing the former employee at the deposition. Because the ability to travel for depositions may be impacted by, for example, restrictions related to the COVID-19 pandemic, the Parties further agree that they will use best efforts to agree to mutually convenient dates, locations, and methods (e.g., by video or other appropriate remote deposition technology such as Zoom if necessary) for depositions noticed by either side.

(f)     Disclosure of Expert Testimony.

i.     Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **May 26, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **July 7, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **August 4,**

5

**2023**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.    Expert Report Supplementation. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case- dispositive motions).

iii.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen (14) days after the close of expert discovery, unless otherwise ordered by the Court. Briefing will be presented pursuant to the Court's Local Rules.

iv.    Expert Discovery Cut Off. All expert discovery in this case shall be initiated so that it will be completed on or before **September 22, 2023**.

(g)    Discovery Matters and Disputes Relating to Protective Orders.

i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.    Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1. that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.    On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed

6

three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.     The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

        v.     Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

        (h)     <u>Service and Timing</u>. The parties consent to service by email, in accordance with Fed. R. Civ. P. 5(b)(2)(E).

        8.     <u>Motions to Amend / Motions to Strike.</u>

        (a)     Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

        (b)     Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

        9.     <u>Technology Tutorials</u>. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

10.    Claim Construction Issue Identification. On **July 15, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **August 5, 2022**, the parties shall exchange proposed claim construction of those term(s)/phrase(s) and identify intrinsic and extrinsic evidence to support proposed constructions of those term(s)/phrase(s). On **August 19, 2022**, the parties shall identify intrinsic and extrinsic evidence to oppose any other party's proposed constructions of disputed terms. Those documents will not be filed with the Court. Subsequent to exchanging the proposed claim construction(s), the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted two weeks prior to service of the opening claim construction brief (*i.e.,* **December 23, 2022**). The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

11.    Final Contentions. The parties shall serve Final Infringement and Invalidity Contentions on **November 11, 2022**. The parties shall serve Final Non-Infringement and Validity Contentions on **December 16, 2022**.

12.    Claim Construction Briefing. The Plaintiffs shall serve, but not file, its opening brief, not to exceed 20 pages, on **January 23, 2023**. The Defendants shall serve, but not file, its

8

answering brief, not to exceed 30 pages, on **February 20, 2023**. The Plaintiffs shall serve, but not file, its reply brief, not to exceed 20 pages, on **March 13, 2023**. The Defendants shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **March 29, 2023**. No later than **April 3, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below. If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

JOINT CLAIM CONSTRUCTION BRIEF

I.    Agreed-Upon Constructions

II.    Disputed Constructions

[TERM 1]

1.    Plaintiffs' Opening Position

2.    Defendants' Answering Position

3.    Plaintiffs' Reply Position

4.    Defendants' Sur-Reply Position

[TERM 2]

1.    Plaintiffs' Opening Position

2.    Defendants' Answering Position

3.    Plaintiffs' Reply Position

4.    Defendants' Sur-Reply Position

9

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13.     <u>Hearing on Claim Construction</u>. The Court will hear argument on claim construction in the week commencing **April 24, 2023**, subject to the Court's availability. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.     <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than **September 16, 2022**, the parties must finally supplement, inter alia, the identification of all accused products and of all invalidity references.

15.     <u>Case Dispositive Motions</u>. Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

16.     <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.     <u>Motions in *Limine*</u>. Motions in *limine* shall not be separately filed. All in *limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) in *limine* requests, unless otherwise permitted by the Court. The in *limine* request and any response shall contain the authorities relied upon; each in *limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the in *limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an in *limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on in *limine* requests, unless otherwise permitted by the Court.

18.     <u>Pretrial Conference</u>. The Court will hold a pretrial conference in Court with counsel in the week commencing **November 27, 2023**, subject to the Court's availability. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases and any motions *in limine* not later than **November 17, 2023**. For purposes of preparing the joint proposed final pretrial order, Plaintiffs shall provide Defendants a draft final pretrial order including proposed language for the sections of the final pretrial order jointly submitted by all parties and an infringement section and trial exhibits by **October 18, 2023**. Defendants shall provide Plaintiffs any proposed edits to the joint sections of the pretrial order, its invalidity section of the final pretrial order, and trial exhibits by **October 27, 2023**. Each side shall provide responses to the draft pretrial order and

objections to trial exhibits, by **November 6, 2023**. Opening briefs in support of motions *in limine* will be served **November 9, 2023**, oppositions by **November 14, 2023**, and replies by **November 16, 2023.**

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

19.     <u>Trial</u>. This matter is scheduled for a 6 day bench trial beginning in **December 2023**, subject to the Court's availability. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20.     <u>Post-Trial Briefing</u>. The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

IT IS SO ORDERED.

_____
The Honorable Maryellen Noreika
United States District Judge

Chart of All Relevant Deadlines

| EVENT | PROPOSED DEADLINE |
|---|---|
| Rule 26(a) Initial Disclosures Due | March 22, 2022 |
| Deadline to Submit Proposed Protective Order | April 5, 2022 |
| Defendants to Produce ANDA No. 216511 and DMF No. 030650 | April 8, 2022 |
| Exchange of Delaware Default Standard for Discovery ¶3 Disclosures | April 15, 2022 |
| Identification of Accused Products and Asserted Patents, and production of file histories (Default Discovery Standard ¶4(a) | April 15, 2022 |
| Plaintiffs' Initial Infringement Claim Charts Due (Default Discovery Standard ¶4(c) | May 9, 2022 |
| Defendants' Initial Invalidity Charts Due (Default Discovery Standard ¶4(d) | June 8, 2022 |
| Exchange List of Terms that Require Construction | July 15, 2022 |
| Exchange Proposed Preliminary Claim Construction of Disputed Terms and Identify Intrinsic and Extrinsic Evidence to Support Proposed Constructions of Disputed Terms | August 5, 2022 |
| Identify Intrinsic and Extrinsic Evidence To Oppose Any Party's Proposed Constructions of Disputed Terms | August 19, 2022 |
| Supplemental Identification of Accused Products and Invalidity References | September 16, 2022 |
| Substantial Completion of Document Production | October 10, 2022 |
| Final Infringement/Invalidity Contentions Due | November 11, 2022 |
| Deadline for Motions to Join Other Parties and Amend the Pleadings | December 1, 2022 |
| Final Non-Infringement/Validity Contentions Due | December 16, 2022 |
| Final Joint Claim Chart Due | December 23, 2022 |
| Close of Fact Discovery | January 15, 2023 |
| Plaintiffs Opening Claim Construction Brief | January 23, 2023 |
| Defendants' Answering Claim Construction Brief | February 20, 2023 |
| Plaintiffs Reply Claim Construction Brief | March 13, 2023 |
| Defendants' Sur-Reply Claim Construction Brief | March 29, 2023 |
| Joint Claim Construction Brief | April 3, 2023 |
| *Markman* Claim Construction Hearing | In the week commencing April 24, 2023, subject to the Court's availability |
| Opening Expert Reports | May 26, 2023 |
| Rebuttal Expert Reports | July 7, 2023 |
| Reply Expert Reports | August 4, 2023 |
| Close of Expert Discovery | September 22, 2023 |

2

| | |
|---|---|
| Plaintiffs Provide Defendants Draft of Joint Sections and Infringement Section of Final Pretrial Order and Trial Exhibits | October 18, 2023 |
| Defendants Provide Responses to Draft Joint Sections, Invalidity Section of Final Pretrial Order, and Trial Exhibits | October 27, 2023 |
| Each Side Provides Responses to Pretrial Order and objections to Trial Exhibits | November 6, 2023 |
| Opening brief in support of motions *in limine* | November 9, 2023 |
| Oppositions to motions *in limine* | November 14, 2023 |
| Replies to motions *in limine* | November 16, 2023 |
| Joint Proposed Final Pretrial Order (including motions *in limine*) | November 17, 2023 |
| Pretrial Conference | In the week commencing November 27, 2023 |
| Trial (6-day bench trial) | December 2023, subject to the Court's availability |
| 30-Month Stay Expires | April 12, 2024 |

2